No. 1443.—Charles S. Stewart v. R. Cohn et al.

A purchased a lot of furniture at auction sale, and afterwards induced the auctioneer to make the bill of sale to B. B then executed a notarial act of loan of the furniture to A. The furniture was seized by the creditor of A, and B enjoined. Held—that A was the owner of the property and the bill of sale from the auctioneer to B and the notarial act of loan from B to A were a mere sham, a simulation, to screen the property from the pursuit of the creditors of A.

APPEAL from the Third District Court of New Orleans. *Fellowes*, J. A. T. Steel and Whitaker & Rice, for plaintiff and appellee. Myers & Augustine for defendants and appellants.

LUDELING, C. J.  R. Cohn obtained a judgment against one Keesacher for eighty-two dollars and forty-five cents, and he caused certain pieces of furniture, in the possession of Keesacher, to be seized as his property to satisfy the judgment.

Charles S. Stewart then obtained an injunction to prevent the sale of the property, claiming to be the owner thereof. He alleges the property is worth two hundred dollars and he claims five hundred and fifty dollars damages.

There was judgment in favor of the plaintiff, decreeing him to be the owner of the property and that he recover of the defendant fifty dollars damages as attorney's fees, and fifty dollars special damages.

The evidence in the record convinces us that the property seized belonged to Keesacher, the defendant, in execution. He bought the furniture. The bills for the furniture were made in his name. A few days before the trial of this suit in the District Court, he applied to the auctioneers from whom he had purchased the furniture and induced them to give him bills of sale in the name of Stewart.

The notarial act whereby Stewart professes to loan this furniture to Keesacher is a mere sham—a cloak to cover the property of Keesacher from the pursuit of his creditors. The evidence establishes that before this act, Keesacher had bought the furniture and he had had it in his possession continuously since his purchase.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed, and that there be judgment dissolving the injunction. It is further ordered that there be judgment in favor of R. Cohn and against Charles S. Stewart and Isaac T. Hinton, *in solido*, for fifteen dollars damages and costs of suit in both courts.